**R.H. TAMLYN & SONS, L.P., Appellants,**

v.

**SCHOLL FOREST INDUSTRIES, INC., Appellee.**

**No. 14–05–00847–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 17, 2006.

---

Robert Wayne Ohnesorge, George Frederick May, Cory Daniel Itkin, Houston, for appellants.

Ann Christine Witte, William Robert Pilat, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

R.H. Tamlyn & Sons, L.P. (Tamlyn) appeals a summary judgment in favor of Scholl Forest Industries, Inc. (SFI) on the ground that SFI failed to establish as a matter of law that it was entitled to statutory indemnity for claims made in a prod-

ucts liability action. We reverse and render judgment in favor of Tamlyn.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In April 1997, Frank Billingsley entered into a contract for the construction of a new home. The contract required the home to be constructed using traditional cement stucco on the exterior of the residence. Without Billingsley's knowledge, Traditional Concepts, Inc., contracted with Fresh–Coat Inc. for installation of an artificial stucco known as an Exterior Insulating and Finish System (EIFS). The EIFS was installed by Parex, Inc. After a period of time, Billingsley noticed water seeping through the exterior of the home. Moisture testing revealed that EIFS caused the moisture penetration.

Five or six years after the initial contract with the builder, Billingsley filed suit against the contractor, the subcontractor, Parex, Inc., and others for the damage incurred due to installation of the artificial stucco. In his second amended petition, Billingsley alleged a cause of action for products liability as follows:

### PRODUCTS LIABILITY

### (PAREX, INC.)

Alternatively, Plaintiff asserts that Defendant Parex was negligent in the design, manufacturing and marketing of the defective EIFS system installed on the Plaintiff's residence. Defendant knew or should have known that the system was defective when built, and designed, and subsequently sold to Plaintiff. Further, Defendant misrepresented the quality of the system that was installed on the home in question. Defendant knew, or should have known, in the exercise of ordinary care, that the defective system was defective and unreasonably dangerous to those persons likely to use those products for the purpose and in the manner for which they were intended to be used.

Parex, in turn, filed a third-party contribution and indemnity claim against seven parties, including SFI. Parex subsequently dismissed its claims against SFI. SFI filed suit against Tamlyn for contribution and indemnity under Chapter 82 of the Texas Civil Practice and Remedies Code. SFI alleged that Tamlyn manufactured window flashing, which was a component part of EIFS. SFI further alleged it was an innocent seller of the window flashing as defined in section 82.001(3) of the Civil Practice and Remedies Code. SFI contends it is entitled to indemnity under section 82.002 of the Civil Practice and Remedies Code because it sustained a loss in a products liability action.

On March 15, 2005, SFI filed a motion for summary judgment seeking judicial determination of Tamlyn's duty to indemnify SFI. Tamlyn responded to SFI's motion contending SFI failed to establish as a matter of law that the underlying plaintiff alleged a products liability action involving defective window flashing manufactured by Tamlyn. Tamlyn filed a no evidence motion for summary judgment contending there was no allegation of a defect in window flashing manufactured by Tamlyn in the underlying plaintiff's pleadings. The trial court granted SFI's motion for summary judgment and awarded SFI $14,275.38 for attorney's fees and costs associated with defending the Parex suit and $13,239.75 attorney's fees and costs incurred while prosecuting the indemnity action. In its first two issues, Tamlyn challenges the trial court's finding that products liability claims were directed toward Tamlyn's window flashing. In its third issue, Tamlyn challenges the sufficiency of the evidence to support SFI's damages and attorney's fees.

## II. STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex.1999). In reviewing a trial court's decision on a request for summary judgment, we take as true all evidence favorable to the non-movant, and we make all reasonable inferences in the non-movant's favor. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999).

## III. INDEMNITY

Section 82.002 of the Civil Practice and Remedies Code creates a statutory duty of indemnification in a products liability action in addition to any duty to indemnify established by law, contract, or otherwise. TEX. CIV. PRAC. & REM.CODE ANN. § 82.002(e)(2) (Vernon 2005). Section 82.002(a) provides:

A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable.

TEX. CIV. PRAC. & REM.CODE ANN. § 82.002(a) (Vernon 2005).

In this case, Tamlyn does not dispute that it is a manufacturer of window flashing, nor does it dispute that SFI is a seller under the statute. Tamlyn argues that Billingsley did not allege a defect in its window flashing, sufficient to trigger a statutory right of indemnity for SFI under section 82.002. SFI argues that Billingsley's pleadings should be construed to allege a defect in Tamlyn's window flashing because Billingsley alleged defective EIFS and Tamlyn's window flashing is a component part of that system.

■ The duty to indemnify is imposed on the manufacturer of an allegedly defective product. *Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 866 (Tex.1999). In other words, the manufacturer's duty to indemnify the seller is invoked by the underlying plaintiff's pleadings. *Meritor Automotive Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 91 (Tex. 2001). Contrary to SFI's argument, however, a bare allegation that a product is defective does not constitute an assertion that all of its unnamed component parts are defective. *Hudiburg Chevrolet, Inc. v. General Motors Corp.*, 114 S.W.3d 680, 687 (Tex.App.-Dallas 2003), *aff'd in part, remanded in part, General Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 256 (Tex. 2006) (not yet released for publication). For a component product manufacturer to be subject to a duty to indemnify a seller under section 82.002, the claimant's pleadings must include an allegation of a defect in the component, not merely a defect in the seller's product which consist of many components. *Hudiburg*, 199 S.W.3d 249, 256.

In *Hudiburg*, the driver of a pickup truck collided with an oncoming vehicle on an interstate highway. The truck was pulling a trailer which broke away and pulled the truck's dual fuel tank filler systems apart. A fire ensued, injuring the driver and killing a passenger. *Hudiburg*, at 251,. The families of the driver and the passenger sued Hudiburg as the seller of the truck. Hudiburg sought indemnity from General Motors, the manufacturer of the truck, and Rawson–Koenig, the manufacturer of the "service body," which was installed on the truck. Plaintiffs in the underlying action alleged the truck "had installed on it a service body," and "the

vehicle, including its fuel system was defective." The supreme court found that the mere reference to the installed service body did not suggest the plaintiffs considered the service body itself to be defective. *Hudiburg,* at 257. Therefore, the court held no indemnity right arose with regard to the service body because the underlying plaintiffs did not specifically allege the service body was defective.

■ Similarly, in this case, there is no mention in Billingsley's pleadings about defective window flashing. The only products liability cause of action is directed toward a defective EIFS. Unlike *Hudiburg,* window flashing is not even addressed in the underlying pleadings. The underlying allegations cannot fairly be read to include an assertion that certain components of the EIFS, including window flashing, were also defective. SFI argues that *Hudiburg* is distinguishable because of SFI's status as an innocent seller of a product manufactured by Tamlyn. The status of the parties as manufacturer or seller has no bearing on whether the underlying plaintiff alleged a defect in Tamlyn's product. In his pleadings, Billingsley alleged a defect in the EIFS, not in the window flashing. Further, there is no summary judgment proof that window flashing was a component part of the EIFS. Accordingly, we conclude SFI has no right to indemnity against Tamlyn under section 82.002. Tamlyn's first issue is sustained. Because we have sustained Tamlyn's first issue, we need not address SFI's damages and attorney's fees.

Accordingly, the judgment of the trial court is reversed and judgment is rendered that SFI take nothing.