Reversed and Rendered and Opinion filed October 17, 2006








Reversed
and Rendered and Opinion filed October 17, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00847-CV

_______________

 

R.H. TAMLYN & SONS, L.P., Appellants

 

V.

 

SCHOLL FOREST INDUSTRIES, INC., Appellee

                                                                                                                                               


On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 04-70849

                                                                                                                                               


 

O P I N I O N

R.H.
Tamlyn & Sons, L.P. (Tamlyn) appeals a summary judgment in favor of Scholl
Forest Industries, Inc. (SFI) on the ground that SFI failed to establish as a
matter of law that it was entitled to statutory indemnity for claims made in a
products liability action.  We reverse and render judgment in favor of Tamlyn.








I.  Factual and Procedural Background

In April
1997, Frank Billingsley entered into a contract for the construction of a new
home.  The contract required the home to be constructed using traditional
cement stucco on the exterior of the residence.  Without Billingsley=s knowledge, Traditional Concepts,
Inc., contracted with Fresh-Coat Inc. for installation of an artificial stucco
known as an Exterior Insulating and Finish System (EIFS).  The EIFS was
installed by Parex, Inc.  After a period of time, Billingsley noticed water
seeping through the exterior of the home.  Moisture testing revealed that EIFS
caused the moisture penetration.

Five or
six years after the initial contract with the builder, Billingsley filed suit
against the contractor, the subcontractor, Parex, Inc., and others for the
damage incurred due to installation of the artificial stucco.  In his second
amended petition, Billingsley alleged a cause of action for products liability
as follows:

Products Liability

(Parex, Inc.)

Alternatively,
Plaintiff asserts that Defendant Parex was negligent in the design,
manufacturing and marketing of the defective EIFS system installed on the
Plaintiff=s residence.  Defendant knew or should have known that
the system was defective when built, and designed, and subsequently sold to
Plaintiff.  Further, Defendant misrepresented the quality of the system that
was installed on the home in question.  Defendant knew, or should have known,
in the exercise of ordinary care, that the defective system was defective and
unreasonably dangerous to those persons likely to use those products for the
purpose and in the manner for which they were intended to be used.

 








Parex,
in turn, filed a third-party contribution and indemnity claim against seven
parties, including SFI.  Parex subsequently dismissed its claims against SFI. 
SFI filed suit against Tamlyn for contribution and indemnity under Chapter 82 of
the Texas Civil Practice and Remedies Code.  SFI alleged that Tamlyn
manufactured window flashing, which was a component part of EIFS.  SFI further
alleged it was an innocent seller of the window flashing as defined in section
82.001(3) of the Civil Practice and Remedies Code.  SFI contends it is entitled
to indemnity under section 82.002 of the Civil Practice and Remedies Code
because it sustained a loss in a products liability action. 

On March
15, 2005, SFI filed a motion for summary judgment seeking judicial
determination of Tamlyn=s duty to indemnify SFI.  Tamlyn responded to SFI=s motion contending SFI failed to
establish as a matter of law that the underlying plaintiff alleged a products
liability action involving defective window flashing manufactured by Tamlyn. 
Tamlyn filed a no evidence motion for summary judgment contending there was no 
allegation of a defect in window flashing manufactured by Tamlyn in the
underlying plaintiff=s pleadings. The trial court granted SFI=s motion for summary judgment and
awarded SFI $14,275.38 for attorney=s fees and costs associated with
defending the Parex suit and $13,239.75 attorney=s fees and costs incurred while
prosecuting the indemnity action.  In its first two issues, Tamlyn challenges
the trial court=s finding that products liability claims were directed toward
Tamlyn=s window flashing.  In its third
issue, Tamlyn challenges the sufficiency of the evidence to support SFI=s damages and attorney=s fees.

II.  Standard of Review

To
prevail on a motion for summary judgment, the movant must establish that no
genuine issue of material fact exists and that it is entitled to judgment as a
matter of law. Tex. R. Civ. P.
166a(c); Rhone‑Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex.
1999).  In reviewing a trial court=s decision on a request for summary
judgment, we take as true all evidence favorable to the non‑movant, and
we make all reasonable inferences in the non‑movant=s favor.  KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). 








III.  Indemnity

Section
82.002 of the Civil Practice and Remedies Code creates a statutory duty of
indemnification in a products liability action in addition to any duty to
indemnify established by law, contract, or otherwise.  Tex. Civ. Prac. & Rem. Code Ann. ' 82.002(e)(2) (Vernon 2005).  Section
82.002(a) provides:

A manufacturer shall indemnify and hold harmless a
seller against loss arising out of a products liability action, except for any
loss caused by the seller=s negligence, intentional misconduct, or other act or
omission, such as negligently modifying or altering the product, for which the
seller is independently liable.

Tex.
Civ. Prac. & Rem. Code Ann. ' 82.002(a) (Vernon 2005). 

In this
case, Tamlyn does not dispute that it is a manufacturer of window flashing, nor
does it dispute that SFI is a seller under the statute.  Tamlyn argues that
Billingsley did not allege a defect in its window flashing, sufficient to
trigger a statutory right of indemnity for SFI under section 82.002.  SFI
argues that Billingsley=s pleadings should be construed to allege a defect in Tamlyn=s window flashing because Billingsley
alleged defective EIFS and Tamlyn=s window flashing is a component part
of that system,








The duty
to indemnify is imposed on the manufacturer of an allegedly defective product. 
Fitzgerald v. Advanced Spine Fixation Systems, Inc., 996 S.W.2d 864, 866
(Tex. 1999).  In other words, the manufacturer=s duty to indemnify the seller is
invoked by the underlying plaintiff=s pleadings.  Meritor Automotive
Inc. v. Ruan Leasing Co., 44 S.W.3d 86, 91 (Tex. 2001).  Contrary to SFI=s argument, however, a bare
allegation that a product is defective does not constitute an assertion that
all of its unnamed component parts are defective.  Hudiburg Chevrolet, Inc.
v. General Motors Corp., 114 S.W.3d 680, 687 (Tex. App.CDallas 2003), aff=d in part, remanded in part, General
Motors Corp. v. Hudiburg Chevrolet, Inc., ___ S.W.3d ___, 2006 WL 741552,
at *4 (Tex. March 24, 2006) (not yet released for publication).  For a
component product manufacturer to be subject to a duty to indemnify a seller
under section 82.002, the claimant=s pleadings must include an
allegation of a defect in the component, not merely a defect in the seller=s product which consist of many
components.  Hudiburg, 2006 WL 741552, at *4. 

In Hudiburg,
the driver of a pickup truck collided with an oncoming vehicle on an interstate
highway.  The truck was pulling a trailer which broke away and pulled the truck=s dual fuel tank filler systems
apart.  A fire ensued, injuring the driver and killing a passenger.  Hudiburg,
2006 WL 741552, at *1.  The families of the driver and the passenger sued
Hudiburg as the seller of the truck.  Hudiburg sought indemnity from General
Motors, the manufacturer of the truck, and Rawson-Koenig, the manufacturer of
the Aservice body,@ which was installed on the truck. 
Plaintiffs in the underlying action alleged the truck Ahad installed on it a service body,@ and Athe vehicle, including its fuel
system was defective.@  The supreme court found that the mere reference to the
installed service body did not suggest the plaintiffs considered the service
body itself to be defective.  Hudiburg, 2006 WL 741552, at *5. 
Therefore, the court held no indemnity right arose with regard to the service
body because the underlying plaintiffs did not specifically allege the service
body was defective.








Similarly,
in this case, there is no mention in Billingsley=s pleadings about defective window
flashing.  The only products liability cause of action is directed toward a
defective EIFS.  Unlike Hudiburg, window flashing is not even addressed
in the underlying pleadings.  The underlying allegations cannot fairly be read
to include an assertion that certain components of the EIFS, including window
flashing, were also defective.  SFI argues that Hudiburg is
distinguishable because of SFI=s status as an innocent seller of a product manufactured by
Tamlyn.  The status of the parties as manufacturer or seller has no bearing on
whether the underlying plaintiff alleged a defect in Tamlyn=s product.  In his pleadings,
Billingsley alleged a defect in the EIFS, not in the window flashing.  Further,
there is no summary judgment proof that window flashing was a component part of
the EIFS.  Accordingly, we conclude SFI has no right to indemnity against
Tamlyn under section 82.002.  Tamlyn=s first issue is sustained.  Because
we have sustained Tamlyn=s first issue, we need not address SFI=s damages and attorney=s fees.

Accordingly,
the judgment of the trial court is reversed and judgment is rendered that SFI
take nothing.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed
October 17, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore.