**McMAHON CONTRACTING, L.P., Petitioner,**

v.

**CITY OF CARROLLTON, Respondent.**

No. 04–0622.

Supreme Court of Texas.

June 30, 2006.

Dwayne Hoover, Harrison Steck Hoover & Drake, P.C., Fort Worth, for petitioner.

James R. Jordan, Shannon Gracey Ratliff & Miller, L.L.P., Dallas, R. Clayton Hutchins, Carrollton, for respondent.

PER CURIAM.

McMahon Contracting, L.P. sued the City of Carrollton for breach of contract to perform street repairs and for *quantum meruit.* The trial court overruled the City's plea to the jurisdiction based on immunity from suit, and the City took an interlocutory appeal. The court of appeals

reversed and dismissed the case, holding that section 51.075 of the Local Government Code does not waive a city's immunity from suit. 134 S.W.3d 925, 926–928 (Tex.App.—Dallas 2004). For the reasons explained today in *Tooke v. City of Mexia,* 197 S.W.3d 325, 2006 WL 1792223 (Tex. 2006), we agree with the court of appeals that section 51.075 is not a waiver of immunity.

While this case has been pending on appeal, the Legislature has enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including municipalities. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. McMahon should have the opportunity to argue in the trial court that the City's immunity from suit is waived by these provisions.

Accordingly, we grant McMahon's petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

Justice BRISTER and Justice WILLETT did not participate in this decision.