**McMAHON CONTRACTING, L.P., Appellant,**

v.

**The CITY OF CARROLLTON, Appellee.**

No. 05–07–01626–CV.

Court of Appeals of Texas, Dallas.

Jan. 16, 2009.

Rehearing Overruled March 17, 2009.

---

Henry E. Steck, Mark Stoecker, Harrison Steck P.C., Stephen D. Harrison, Harrison & Steck, Hoover & Drake, P.C., Ft. Worth, TX, for Appellant.

Mike M. Tabor, Kevin C. Haynes, Shannon, Gracey, Ratliff & Miller, LLP, Dallas, TX, R. Clayton Hutchins, Carrollton, TX, for Appellee.

Before Justices BRIDGES, FITZGERALD, and LANG.

## OPINION

Opinion by Justice LANG.

McMahon Contracting, L.P. brought suit against the City of Carrollton, claiming the

City owed McMahon payment for retainage due under a street replacement contract and additional compensation for "extra work" performed at City's direction. McMahon specifically plead claims for breach of contract, quantum meruit, and interest and attorney fees under the Prompt Payment Act. *See* TEX. GOV'T CODE ANN. §§ 2251.001–.055 (Vernon 2008). The trial court granted summary judgment in City's favor. McMahon timely perfected this appeal.

In three issues, McMahon asserts trial court error in granting summary judgment on McMahon's breach of contract claims. Specifically, McMahon contends, pursuant to Texas Rule of Civil Procedure 166a(c), City's motion was insufficient as a matter of law because: (1) it did not specify the legal grounds supporting summary judgment or specify which elements of McMahon's pleaded causes of action were "conclusively negated" by the summary judgment evidence enumerated in City's motion, (2) there is a conflict in the summary judgment evidence as to City's contention that McMahon "failed to be 100% complete" within the time specified, (3) there is no pleading or summary judgment evidence to show McMahon failed to be "100% complete" by the contract time, and (4) there is no pleading to support and there is conflicting evidence regarding City's position that compensation for extra work could not be recovered.

1. " 'Courts often use the terms sovereign immunity and governmental immunity interchangeably. However, they involve two distinct concepts. Sovereign immunity refers to the State's immunity from suit and liability. In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities. Governmental immunity, on the other hand, protects political subdivisions of the State, including counties, cities, and school districts.' " *Tooke v.*

In a cross-point on appeal, City argues because of its governmental immunity [1] the trial court lacked subject matter jurisdiction over McMahon's claims for quantum meruit and for interest and attorney fees under the Prompt Payment Act. McMahon agrees governmental immunity was not waived for its quantum meruit claim, but contends governmental immunity was waived for the Prompt Payment Act claim.

We conclude McMahon did not demonstrate City's immunity was waived on the Prompt Payment Act claim. However, we conclude further that City was not entitled to summary judgment on McMahon's breach of contract claims. Accordingly, we reverse the trial court's summary judgment, render judgment that City's plea to the jurisdiction is sustained regarding its governmental immunity on the Prompt Payment Act and quantum meruit claims, and remand to the trial court the breach of contract claims for retainage and "extra work" for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2001, the City of Carrollton entered into a street replacement contract with McMahon. The contract included a specific "quality of workmanship" provision regarding City's "general design standards" for cracks in pavement and stated "stress cracks of any nature" were "subject to being removed and replaced at the discretion of the Director of Public Works

*City of Mexia,* 197 S.W.3d 325, 369 n. 11 (Tex.2006) (quoting *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003) (citations omitted)); *see also Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Political Subdivisions Prop./Casualty Joint Self–Insurance Fund,* 212 S.W.3d 320, 323–24 (Tex. 2006). As governmental immunity is applicable here, we refer to sovereign immunity only when discussing statutes using that term which are applicable in this case.

at no additional cost." McMahon's work was to be "100% complete" by March 10, 2003. The record reflects, in accordance with the contract, City retained part of the payments allegedly due to McMahon. Also, the contract provided for a change order procedure and specifically stated claims for extra work would "not be paid unless the work covered by such claims was authorized in writing by the Owner." Finally, the contract required McMahon to provide City with a detailed cost estimate, upon request, for any proposed extra work.

The parties do not dispute that McMahon did not complete the project by the contractual completion date. On April 28, 2003, City provided McMahon with a six-page "final punchlist" that listed all work City required McMahon to perform before City considered the project completed. The list included replacement of several cracked street panels.

During June and July 2003, City and McMahon engaged in a series of correspondence arguing about whether replacement of the cracked street panels constituted "warranty" work for which City would pay or whether it was work covered under the contract requiring the cracked panels be removed and replaced at no cost to City. City asserted its request for street panel replacement was not warranty work "but part of a punchlist of items that need to be repaired to accept this project." McMahon asserted the cracks were "not the results of any defective material or workmanship" and it was "not responsible for repairing the cracks." On July 22, 2003, McMahon sent City a letter requesting City approve a panel replacement list if City "agree[d] with the panel locations and the measurements." City's superintendent signed the panel replacement sheets on July 24, 2003.

McMahon performed the panel replacement work and sent City a request for payment, in the amount of $70,056.80, for "extra work performed" to replace the street panels. In its reply, City asserted "[t]he replacement of the panels was to repair faulty work" and no payment was due because the work was performed prior to project acceptance and without an approved change order.

McMahon filed suit to recover sums retained by City from payments due under the contract and also sums for alleged "extra work," and in the alternative, for quantum meruit. Also, McMahon sought pre- and post-judgment interest and attorney fees under the Prompt Payment Act. *See generally* TEX. GOV'T CODE ANN. §§ 2251.001–.055. City responded by filing a plea to the jurisdiction, asserting governmental immunity had not been waived. The trial court denied the plea to the jurisdiction. City pursued an interlocutory appeal to this Court. We reversed and dismissed the case, deciding against McMahon's argument that section 51.057 of the local government code, which stated governmental entities could "sue and be sued," waives a city's immunity from suit. *See City of Carrollton v. McMahon Contracting, L.P.*, 134 S.W.3d 925 (Tex.App.-Dallas 2004), *rev'd on other grounds*, 197 S.W.3d 387 (Tex.2006) (per curiam). In the meantime, the Texas Supreme Court decided *Tooke v. City of Mexia*, wherein it agreed with the proposition we stated in our conclusion regarding the effect of section 51.057. *See Tooke*, 197 S.W.3d at 332. Then, based upon *Tooke*, the Texas Supreme Court affirmed our decision in the interlocutory appeal of this case and remanded this case to the trial court to consider the application of the newly enacted local government code sections 271.151–.160. *See McMahon Contracting*, 197 S.W.3d at 387.

Upon remand to the trial court, City filed a revised plea to the jurisdiction, a first amended original answer, and a motion for summary judgment. City's motion asserted four grounds for summary judgment, which we quote below:

(a) Plaintiff failed to be "100% complete" with the work within the time specified in the contract for completion.

(b) No extra work was performed on the project except as authorized by Change Order No. 1.

(c) Plaintiff failed to submit to the City of Carrollton a "detailed cost estimate for the proposed extra work" for removal and replacement of cracked pavement panels.

(d) There was no "detailed cost estimate for proposed extra work" for removal and replacement of cracked pavement panels approved by the City of Carrollton that would "constitute a change order."

City also asserted in the motion for summary judgment generally it had "conclusively negated essential elements of each of the Plaintiff's causes of action and is entitled to summary judgment as a matter of law."

In its response to City's motion, McMahon argued it was entitled to the retainage payment as the project was completed prior to any "extra work" being performed and City waived the grounds asserted as contractual conditions precedent to payment for the "extra work." McMahon included with its response evidence supporting its claims. After the summary judgment hearing, the trial judge granted final summary judgment, ordering McMahon take nothing on its claims against City.

## II. PLEA TO THE JURISDICTION

First, we address City's cross-point asserting we have no subject matter jurisdiction over the quantum meruit and Prompt Payment Act claims because of City's governmental immunity. City raised these propositions in its revised plea to the jurisdiction filed in the trial court, but the record does not reflect the trial court ruled on those points subsequent to remand from the Texas Supreme Court.

Specifically, City asserts its governmental immunity has not been waived under section 271.152 of the local government code for McMahon's claims in quantum meruit and for interest and attorney fees under the Prompt Payment Act. *See* TEX. LOCAL GOV'T CODE ANN. § 271.152 (Vernon 2005). McMahon agrees section 271.152 does not waive immunity from suit for its quantum meruit claim, but responds that City's immunity from suit for the Prompt Payment Act claim is waived by the Legislature's enactment of chapter 2251 of the Texas government code.

### A. Standard of Review

 A plea to the jurisdiction based on governmental immunity challenges a trial court's subject matter jurisdiction. *See State v. Holland,* 221 S.W.3d 639, 642 (Tex.2007); *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex. 2004); *see also City of Seagoville v. Lytle,* 227 S.W.3d 401, 408 (Tex.App.-Dallas 2007, no pet.). Subject matter jurisdiction may not be waived and may be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445 (Tex.1993); *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.,* 234 S.W.3d 726, 735 (Tex.App.-Dallas 2007, pet. denied).

 Whether a trial court has subject matter jurisdiction is a question of law. *Holland,* 221 S.W.3d at 642; *Combined*

**464**

*Specialty Ins. Co. v. Deese,* 266 S.W.3d 653, 657 (Tex.App.-Dallas 2008, no pet.). Accordingly, an appellate court reviews a challenge to the trial court's subject matter jurisdiction de novo. *Holland,* 221 S.W.3d at 642; *Lytle,* 227 S.W.3d at 407. In performing this review, an appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *Miranda,* 133 S.W.3d at 226; *Lytle,* 227 S.W.3d at 408.

## B. Applicable Law

### 1. Governmental Immunity and Waiver Under Section 271.152 of the Local Government Code

█ █ The plaintiff bears the burden to plead facts affirmatively demonstrating governmental immunity has been waived and the court has subject matter jurisdiction. *See Holland,* 221 S.W.3d at 642. Governmental immunity includes both immunity from suit and immunity from liability. *See Ben Bolt–Palito,* 212 S.W.3d at 324; *Tooke,* 197 S.W.3d at 332.

█ Immunity from liability bars enforcement of a judgment against a political subdivision of the State, such as a municipality. *See Ben Bolt–Palito,* 212 S.W.3d at 324; *Tooke,* 197 S.W.3d at 332. A political subdivision waives immunity from liability by entering into a contract and voluntarily binding itself to the terms of the agreement. *See Tooke,* 197 S.W.3d at 332.

█ "[E]ven if the State acknowledges liability on a claim, immunity from suit bars a remedy until the Legislature consents to suit." *Ben Bolt–Palito,* 212 S.W.3d at 324 (citing *Taylor,* 106 S.W.3d at 695). To ensure legislative control over that immunity is "not lightly disturbed,"

that waiver must be "clear and unambiguous." *Id.* at 327 (quoting Tex. Gov't Code Ann. § 311.034); *Tooke,* 197 S.W.3d at 333. A political subdivision does not waive immunity from suit when it enters into a contract except as provided by section 271.152 of the local government code.[2] *See* Tex. Local Gov't Code Ann. § 271.152.

Section 271.152 waives immunity from suit to adjudicate a claim for breach of contract for a local governmental entity authorized by statute or the constitution to enter into a contract. *See id.* A "local government entity" is a political subdivision of the State, including a municipality. *See id.* § 271.151(3). Accordingly, under section 271.152, political subdivisions that enter into contracts "subject to this subchapter waive[ ] sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract." *Id.* § 271.152; *see also Tooke,* 197 S.W.3d at 344–45. Contracts subject to the waiver include only "written contract[s] stating the essential terms of the agreement for providing goods or services to the local governmental entity that [are] properly executed on behalf of the local government entity." Tex. Local Gov't Code Ann. § 271.151(2). To the extent "sovereign immunity" was not waived before the effective date of the 2005 amendments to the statute, the waiver of "sovereign immunity" applies retroactively for sections 271.152–.154. *See id.* §§ 271.152–.154; *McMahon Contracting,* 197 S.W.3d at 387; *Tooke,* 197 S.W.3d at 344–45.

### 2. Prompt Payment Act

█ The Prompt Payment Act requires political subdivisions to make timely payments for the purchase of certain services made by contract. *See generally*

---

2. Section 262.007 waives immunity from suit for breach of contract claims in certain circumstances, but is not applicable in this case.

*See* Tex. Local Gov't Code Ann. § 262.007(d); *Tooke,* 197 S.W.3d at 342 & n. 79.

TEX. GOV'T CODE ANN. §§ 2251.001–.055. The Act provides political subdivisions with clear guidelines regarding payment of interest. *See id.* § 2251.027. Further, under certain circumstances, the Act requires the opposing party ("which may be the governmental entity or the vendor") to pay the reasonable attorney fees of the prevailing party in a suit to collect an invoice payment or interest due under the Act. *See id.* § 2251.043. No provision in the Act discusses or addresses "governmental" or "sovereign" immunity, nor does the Act include language indicating such immunity is waived. *See generally id.* §§ 2251.001–.055.

## C. Application of Law to Facts

■■■ McMahon pleaded waiver of immunity from suit for its breach of contract claims under section 271.152 of the local government code. Neither party contends sections 271.152–.154 do not apply in this case. Rather, City argues the Prompt Payment Act claim for attorney fees and interest is barred by governmental immunity as a matter of law and McMahon has not met its burden to plead and prove facts that demonstrate how the purported waiver of immunity from suit arises under the Prompt Payment Act.

McMahon bears the burden of pleading and proving consent and waiver of immunity from suit by City in order to be able to demonstrate jurisdiction for its claims for interest and attorney fees under the Prompt Payment Act. *See Holland,* 221 S.W.3d at 642. Subchapter B of the Prompt Payment Act, sections 2251.021–.030, provides for accrual of interest on sums payable by a political subdivision under certain circumstances. Additionally, section 2251.043 of the Act provides for recovery of attorney fees against political subdivisions under certain circumstances. However, McMahon's pleading states only

that jurisdiction is proper "because the City's immunity from suit was waived as a direct result of the Legislature's enactment of Section 2251 of the Texas Government Code."

■■■ McMahon has not directed this Court to "clear and unambiguous language" in any provision of the Prompt Payment Act that expressly consents to suit and establishes City's immunity from suit has been waived. *See* TEX. GOV'T CODE ANN. § 311.034; *Ben Bolt–Palito,* 212 S.W.3d at 327. Further, McMahon did not make any specific allegations of fact to support its claim of waiver or plead other statutes to establish consent regarding its Prompt Payment Act claim. *See Ben Bolt–Palito,* 212 S.W.3d at 324. "Mere reference" to a statute does not establish a waiver of governmental immunity and "is not enough to confer jurisdiction on the trial court." *See Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001). Accordingly, we conclude McMahon did not meet its burden to establish consent and show City's immunity from suit was waived by "clear and unambiguous language" in the Prompt Payment Act. *See Ben Bolt–Palito,* 212 S.W.3d at 327; *Holland,* 221 S.W.3d at 642.

Further, section 271.159 of Chapter 271 bars recovery of attorney fees unless the local governmental entity entered into a "written agreement that expressly authorizes the prevailing party in the adjudication to recover its reasonable and necessary attorney's fees by specific reference to this section." TEX. LOCAL GOV'T CODE ANN. § 271.159. Because section 271.159 does not apply retroactively, and attorney fees cannot be recovered unless permitted by statute or contract, section 271.152 cannot be read to establish waiver of immunity from suit for attorney fees by attaching Prompt Payment Act claims to it or as an express waiver of immunity in the Prompt

Payment Act. *See Holland v. Wal–Mart Stores, Inc.,* 1 S.W.3d 91, 95 (Tex.1999); *City of Houston v. Petroleum Traders Corp.,* 261 S.W.3d 350, 360 (Tex.App.-Houston [14th Dist.] 2008, no pet.).

Although not cited to us by the parties as dispositive of the issue before us, we have analyzed a recent case that reviews a similar, but distinguishable fact situation and argument regarding waiver of governmental immunity. *See State v. Mid–South Pavers, Inc.,* 246 S.W.3d 711 (Tex.App.-Austin 2007, pet. denied). In *Mid–South Pavers,* the Austin Court of Appeals read section 201.112(a) of the Texas transportation code to waive the Texas Department of Transportation's immunity from suit on a "claim arising under a contract." *See id.* at 728–30. Accordingly, although the Prompt Payment Act does not refer to waiver of governmental immunity, the Austin Court of Appeals concluded Mid–South was entitled to attorney fees and interest under the Prompt Payment Act because those claims also were "claims arising under a contract" with the Texas Department of Transportation. *See id.* at 729–31; *cf. City of Houston v. Swinerton Builders, Inc.,* 233 S.W.3d 4, 12–13 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (citing House Comm. on Civil Practices, Bill Analysis, Tex. H.B.2039, 79th Leg., R.S. (2005)) (legislative history indicates Legislature expressly chose not to use term "arising under" in final version of section 271.152 in response to fears that litigants would attempt to bring non-contractual claims, whether in law or in equity, against governmental entities).

We conclude *Mid–South Pavers* is not applicable to the facts in the case before us. Mid–South's claims were brought against the Texas Department of Transportation pursuant to a written contract and under authority of specific provisions of the transportation code providing for resolution of a "claim arising under a contract." The case before us turns on the discreet provisions of Chapter 271 of the local government code. That statute was not part of the Austin Court of Appeals' analysis in *Mid–South Pavers,* nor does Chapter 271 contain language similar to that cited by the Austin Court of Appeals in the transportation code.

We decide City's cross-point in its favor.

### III. SUMMARY JUDGMENT

In three issues, McMahon asserts the trial court erred in granting summary judgment on McMahon's breach of contract claims because, pursuant to Texas Rule of Civil Procedure 166a(c), City's motion was insufficient as a matter of law because: (1) it did not specify the legal grounds supporting summary judgment or specify which elements of McMahon's pleaded causes of action were "conclusively negated" by the summary judgment evidence enumerated in City's motion, (2) there is a conflict in the summary judgment evidence as to City's contention that McMahon "failed to be 100% complete" within the time specified, (3) there is no pleading or summary judgment evidence to show McMahon failed to be "100% complete" by the contract time, and (4) there is no pleading to support and there is conflicting evidence regarding City's position that compensation for extra work could not be recovered.

City contends the motion was sufficient under rule 166a(c). Nevertheless, City argues, McMahon waived its complaint regarding the summary judgment because McMahon failed to raise the objections it makes on appeal in the trial court by special exception or other objection. Also, City argues the motion for summary judgment was properly granted because, in fact, City conclusively negated essential

elements of McMahon's breach of contract causes of action.

## A. Standard of Review and Applicable Law

Because summary judgment is a question of law, a trial court's summary judgment decision is reviewed de novo. *See Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003); *Hightower v. Baylor Univ. Med. Ctr.,* 251 S.W.3d 218, 221 (Tex.App.-Dallas 2008, pet. struck). The standard of review for a traditional summary judgment motion pursuant to Texas Rule of Civil Procedure 166a(c) is threefold: (1) the movant must show there is no genuine issue of material fact and he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed, material fact issue precluding summary judgment, the court must take as true evidence favorable to the nonmovant; and (3) the court must indulge every reasonable inference from the evidence in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Hightower,* 251 S.W.3d at 221–22.

A defendant moving for summary judgment must either (1) disprove at least one essential element of the plaintiff's causes of action as a matter of law or (2) plead and conclusively establish each essential element of an affirmative defense. *See Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 476–77 (Tex.1995); *Hightower,* 251 S.W.3d at 222. Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary, L.P.,* 198 S.W.3d 462, 464 (Tex.App.-Dallas 2006, no pet.). The burden shifts "only if the movant's evidence meets the criteria of Texas Rule of Civil Procedure 166a(c) and negates all genuine issues of material fact with respect to an essential element of the non-movant's cause of action." *Coats v. Farmers Ins. Exch.,* 230 S.W.3d 215, 220 (Tex.App.-Houston [14th Dist.] 2006, no pet.). The movant must only identify a theory of liability or affirmative defense, and is not required to "specifically describe how evidence in support of the motion justifies a summary judgment." *City of Roanoke v. Town of Westlake,* 111 S.W.3d 617, 633 (Tex.App.-Fort Worth 2003, pet. denied). "In determining whether grounds are expressly presented, we may not rely on briefs or summary judgment evidence." *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997). Summary judgments "must stand or fall on their own merits." *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993).

A nonmovant is not required to file an exception, answer, or response to "contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support the summary judgment." *Id.* at 342. "An exception is required should a non-movant wish to complain on appeal that the grounds relied on ... were unclear or ambiguous." *Id.* Yet, a nonmovant is not required to except when a motion for summary judgment "clearly presents certain grounds but not others." *Roof Sys., Inc. v. Johns Manville Corp.,* 130 S.W.3d 430, 436 (Tex. App.-Houston [14 Dist.] 2004, no pet.).

Where the trial court does not specify the grounds for its summary judgment, the party challenging the order must show that each of the independent arguments alleged in the motion is insufficient to support the order. *Hudiburg Chevrolet, Inc. v. Gen. Motors Corp.,* 114 S.W.3d 680, 684 (Tex.App.-Dallas 2003), *modified,* 199 S.W.3d 249 (Tex.2006); *Williams v. City of Dallas,* 53 S.W.3d 780, 784 (Tex. App.-Dallas 2001, no pet.). An appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life,* 128 S.W.3d at 216; *Hightower,* 251 S.W.3d at 222.

## B. Application of Law to Facts

We address all of McMahon's issues together. In so doing, first, we must determine whether City's stated grounds were "expressly presented" in the motion and whether by stating those grounds, and offering evidence in support of them, City met its burden to disprove an essential element of McMahon's breach of contract claims. *See Sci. Spectrum,* 941 S.W.2d at 912; *Doe,* 907 S.W.2d at 476–77; *Hightower,* 251 S.W.3d at 222.

City claims McMahon waived its attack on the specificity of the motion for summary judgment because McMahon did not object or specifically except at the trial court. We disagree. "An exception is required should a non-movant wish to complain on appeal that the grounds relied on . . . were unclear or ambiguous." *McConnell,* 858 S.W.2d at 342. McMahon does not make that argument. Rather, we read McMahon's contentions to be City did not specify or identify the element of each cause of action that was negated and, as a matter of law, the points stated in the motion for summary judgment do not negate any elements of any of McMahon's causes of action.

In its motion for summary judgment, City stated broadly that its motion "conclusively negated essential elements" of McMahon's causes of action. City was not required to specifically describe how evidence in support of its motion justified summary judgment. However, we agree with McMahon that in the motion for summary judgment, City did not identify which cause of action was addressed by these motion for summary judgment points. *See City of Roanoke,* 111 S.W.3d at 633. Yet, that is not fatal to City's motion because a court may determine the grounds "expressly presented" from the motion for summary judgment and we are able to do so in this case. *See Sci. Spectrum,* 941 S.W.2d at 912; *Roof Sys.,* 130 S.W.3d at 436.

City's motion asserted four grounds that it claimed entitled it to summary judgment: (a) McMahon's work was not 100% complete within the time specified by contract; (b) no extra work was performed on the project except as authorized by "Change Order No. 1," which did not address replacement of the street panels; (c) McMahon did not submit a "detailed cost estimate for proposed extra work" for the removal and replacement of the cracked panels; and (d) City did not approve a "detailed cost estimate for proposed extra work" that constituted a change order. In reviewing the specific language used by City, it is evident the assertion that McMahon's work was not 100% complete within the specified time is expressly presented to address only the retainage claim. The other three grounds specifically refer to "extra work" and necessarily expressly identify "extra work" as their focus.

As to the 100% completion point, McMahon contends that City's 100% completion ground was insufficient as a matter of law

to support summary judgment because there is no pleading or proof that "a forfeiture of payment ... is an available remedy." City asserts in its briefing before us that 100% completion was a contractual "performance requirement" that negated the element of performance as to McMahon's retainage claim, and McMahon admits it did not complete "100%" of the work by the contractually agreed date of March 10. However, even assuming without deciding the proposition that 100% completion was a "performance requirement," neither in its motion for summary judgment, nor in its pleadings did City state McMahon's failure to be 100% complete with the work within the specified period of time was a "performance requirement" that barred recovery. City only stated McMahon "failed to be '100% complete'" within the time specified in the contract. We have not been shown how that specific assertion conclusively negates an essential element of the retainage claim.

Further, McMahon asserts City did not meet its summary judgment burden because City did not provide any summary judgment evidence (1) that McMahon failed to fully perform the contract or (2) to show there is a contract provision stating failure to complete the project within the specified time period would result in forfeiture of payment. McMahon asserts the contract specifically provided for liquidated damages in the event the project was not completed within the specified time period, not a bar to recovery of retainage. Also, in support of its response to City's motion for summary judgment, McMahon offered evidence: (1) that it "timely" completed the contract, (2) that it completed the project by June 2003, and (3) the contract contained a provision regarding "extra days" McMahon was entitled to in order to complete the work.

The record does not show City offered summary judgment evidence demonstrating any contractual provision that provided for forfeiture of payment if the contract was not 100% complete by March 10, 2003. Nor did City provide summary judgment evidence McMahon failed to fully perform the contract. On this record, we conclude City did not meet its summary judgment burden to negate an element of McMahon's cause of action for retainage or plead and conclusively establish essential elements of any affirmative defenses. *See Doe,* 907 S.W.2d at 476–77; *Hightower,* 251 S.W.3d at 222.

As to City's motion for summary judgment points regarding "extra work" claims, McMahon does not contest City's three grounds (paragraphs (b), (c), and (d)) were directed at elements of its breach of contract claim for "extra work." Rather, McMahon contends it met its burden to present evidence that raised material issues of fact precluding summary judgment. Specifically, McMahon responded to City's motion for summary judgment by asserting that City required the additional work be performed, the work was beyond the scope of work in the contract, McMahon's earlier work met the contract specifications prior to it performing any replacement work, the "extra work" performed cost McMahon $70,056.80, City failed to pay McMahon for the value of the work, and City waived the enforcement of the change order procedure for the alleged "extra work" when City signed the panel replacement list and required McMahon to replace the panels. McMahon's response was supported by affidavits and exhibits including correspondence between City and McMahon. In its brief, City disputes McMahon's contentions, asserting it signed McMahon's panel replacement list merely to affirm the panels on the list matched those on the "final punchlist" that required replacement under the contract. Finally,

City argues McMahon did not raise a genuine issue of material fact because the work performed was within the terms of the contract and required under the contract's quality of workmanship provision.

City's motion for summary judgment raised specific grounds attempting to disprove at least one element of McMahon's theory of recovery for payment for "extra work." However, we conclude McMahon's response offered evidence controverting City's assertions and summary judgment evidence. We must indulge every reasonable inference in favor of McMahon and resolve any doubts in McMahon's favor. *See Nixon*, 690 S.W.2d at 548–49; *Hightower*, 251 S.W.3d at 221–22. Accordingly, we conclude the trial court erred in granting summary judgment on the "extra work" claim because McMahon presented evidence raising at least one genuine issue of material fact as to City's summary judgment grounds.

We reverse and remand the breach of contract claims for further proceedings.

### IV. CONCLUSION

The trial court's summary judgment is reversed. We render judgment that City's plea to the jurisdiction is sustained regarding its governmental immunity as to McMahon's Prompt Payment Act and quantum meruit claims, and remand to the trial court the breach of contract claims for further proceedings.