**HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellant,**

v.

**GREAT AMERICAN INSURANCE COMPANY, Appellee.**

**No. 14–09–00571–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 25, 2010.

Michael R. Hull, Linda S. Geffin, Houston, for appellant.

Patricia M. Rosendahl, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices SEYMORE and Senior Justice MIRABAL.*

## MAJORITY OPINION

ADELE HEDGES, Chief Justice.

Appellant, Harris County Flood Control District, appeals from the denial of its plea to the jurisdiction on the claims of appellee, Great American Insurance Company, for quantum meruit and attorney's fees. Because we conclude that appellant has not waived its immunity relative to those claims, we reverse and dismiss in part, affirm in part, and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

In July 2002, appellant entered into a contract for the excavation of flood control improvements designed to relieve flooding in the Deer Park area of Harris County with Handex Construction Services, Inc. ("Handex"). The project required the excavation and removal of 1,253,500 cubic yards of material from the project site at a cost of $4,632,808.67.

In June 2002, appellee issued the performance bond as surety for the Handex contract. The bond provided that if Handex abandoned the project or otherwise failed to comply with the conditions of the contract, then appellee had the right to complete the project in conformity with the terms and conditions of the original contract.

At a point in time after it began performing the contract, Handex filed bankruptcy in the United States District Court

---

* Senior Justice Margaret Garner Mirabal sitting by assignment.

for the Middle District of Florida and on March 16, 2006, it abandoned the contract. Appellee then assumed the obligations under the contract in late March 2006. On April 24, 2006, appellant issued a new purchase order for the project and designated appellee as the completing contractor for the project.

Appellant issued a certificate of substantial completion on May 8, 2007, which was approved by the Harris County Commissioner's Court on May 15, 2007. Conflict arose over the amount due appellee, and when the dispute could not be resolved, appellee initiated this lawsuit. In addition to breach of contract, appellee asserted an alternative quantum meruit claim and also sought attorney's fees. Appellant filed a plea to the jurisdiction and motion for partial summary judgment ("Plea to the Jurisdiction"), in which it asserted the trial court lacked subject matter jurisdiction only as to appellee's quantum meruit and attorney's fees claims. When the trial court denied appellant's Plea to the Jurisdiction, this accelerated interlocutory appeal followed.

#### DISCUSSION

In this appeal, appellant raises two issues challenging the trial court's denial of its Plea to the Jurisdiction. The first issue addresses appellee's quantum meruit cause of action, the second, appellee's attorney's fees claim. In both issues, appellant contends the trial court erred when it denied appellant's Plea to the Jurisdiction, arguing that the Texas legislature has not waived appellant's immunity from suit.[1]

### I. The Applicable Law and the Standard of Review

 Government immunity has two components: immunity from liability and immunity from suit. *Tooke v. City of Mexia,* 197 S.W.3d 325, 332 (Tex.2006). Immunity from suit bars suit against the entity altogether. *Id.* Immunity from liability bars enforcement of a judgment against a political subdivision of the State. *Id.* A governmental entity waives immunity from liability by entering into a contract and voluntarily binding itself to the terms of the agreement. *Id.* Even if a governmental entity acknowledges liability on a claim, immunity from suit bars a remedy until the Legislature consents to suit. *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Political Subdivisions Prop./Casualty Joint Self–Insurance Fund,* 212 S.W.3d 320, 324 (Tex.2006). To ensure legislative control that immunity is not lightly disturbed, that waiver must be clear and unambiguous. *Id.* at 327 (quoting Tex. Gov't Code Ann. § 311.034 (Vernon 2005)).

---

1. In its response brief, appellee argues this court does not have jurisdiction to hear this interlocutory appeal because appellant did not assert governmental immunity as a bar to the entire case. Appellee cites two cases in support of this argument: *Speer v. Stover,* 685 S.W.2d 22, 23 (Tex.1985) and *City of Cleburne v. Trussell,* 10 S.W.3d 407, 410 (Tex.App.-Waco 2000, no pet.). These cases stand for the proposition that "the granting of a plea to the jurisdiction on the basis that *some* of the damages pled are not recoverable would be erroneous." *City of Cleburne,* 10 S.W.3d at 410 (emphasis in original). However, this line of cases has been overruled by the Texas

Supreme Court in *Thomas v. Long,* 207 S.W.3d 334, 339 (Tex.2006). In *Thomas,* the Texas Supreme Court held "[a] trial court is not required to deny an otherwise meritorious plea to the jurisdiction or motion for summary judgment based on a jurisdictional challenge concerning some claims because the trial court has jurisdiction over other claims." *Id.* To be entitled to an interlocutory appeal, all section 51.014(a)(8) of the Civil Practice & Remedies Code requires is the denial of a jurisdictional challenge. *Id.* at 340. We conclude that we have jurisdiction to hear this appeal.

■ A plea to the jurisdiction based on government immunity challenges the trial court's subject matter jurisdiction. *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007). Whether a trial court has subject matter jurisdiction is a question of law. *Id.* Therefore, we review a challenge to the trial court's subject matter jurisdiction de novo. *Id.* In performing this review, an appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004).

## II. Quantum Meruit

■ In its first issue, appellant argues the trial court erred in denying its Plea to the Jurisdiction because it is immune from suit on appellee's quantum meruit claim. In response, appellee asserts section 271.152 of the Local Government Code waived appellant's immunity from suit on its quantum meruit cause of action.

We have previously addressed this issue. In *City of Houston v. Petroleum Traders Corp.,* we held that while section 271.152 waived governmental immunity for breach of contract causes of action, it does not apply to quantum meruit claims. *City of Houston v. Petroleum Traders Corp.,* 261 S.W.3d 350, 359–60 (Tex.App.-Houston [14th Dist.] 2008, rule 53.7(f) motion granted) (citing *City of Houston v. Swinerton Builders, Inc.,* 233 S.W.3d 4, 12–13 (Tex. App.-Houston [1st Dist.] 2007, no pet.)). Accordingly we sustain appellant's first issue on appeal.

## III. Attorney's Fees

In its second issue, appellant challenges the trial court's denial of its Plea to the Jurisdiction on appellee's attorney's fees claim. In response, appellee argues appellant's immunity from suit has been waived by two statutes: (1) sections 271.152[2] and 271.153(a)(3)[3] of the Local Government Code; and (2) section 2251.043 of the Texas Government Code ("Prompt Pay Act").[4] We address each statute in turn.

### A. Local Government Code

Appellee contends it is entitled to an award of its reasonable and necessary attorney's fees because, in 2009, the Legislature added section 271.153(a)(3) to the Local Government Code and repealed section 271.159.[5] We conclude appellee's reliance

2. Local Government Code, section 271.152 provides:
> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

Tex. Loc. Gov't Code Ann. § 271.152 (Vernon 2005).

3. Local Government Code section 271.153(a)(3), as cited by appellee, provides: "The total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following: (3) reasonable and necessary attorney's fees that are equitable and just." Tex. Loc. Gov't Code Ann. § 271.153(a)(3) (Vernon Supp. 2009).

4. Section 2251.043 of the Government Code provides: "In a formal administrative or judicial action to collect an invoice payment or interest due under this chapter, the opposing party, which may be the governmental entity or the vendor, shall pay the reasonable attorney fees of the prevailing party." Tex. Gov't Code Ann. § 2251.043 (Vernon 2008).

5. Local Government Code section 271.159 provides:
> Attorney's fees incurred by a local governmental entity or any other party in the adjudication of a claim by or against a local governmental entity shall not be awarded to any party in the adjudication unless the

on the 2009 addition of section 271.153(a)(3) and repeal of section 271.159 is misplaced.

Prior to the 2009 legislative session, section 271.153 of the Local Government Code did not mention attorney's fees. However, section 271.159 permitted the prevailing party to recover its reasonable and necessary attorney's fees if a written agreement authorized their recovery and specifically referenced section 271.159. During the 2009 legislative session, section 271.153(a) was amended to add that a plaintiff could recover reasonable and necessary attorney's fees that are equitable and just. Act of May 31, 2009, 81st Leg., R.S., ch. 1266, § 8, 2009 Tex. Gen. Laws 4006, 4007. In addition, section 271.159 was repealed. Act of May 31, 2009, 81st Leg., R.S., ch. 1266, § 16, 2009 Tex. Gen. Laws 4006, 4008. However, the amendment to section 271.153(a) took effect on June 19, 2009 and only applies to contracts executed after that date. Tex. Loc. Gov't Code Ann. § 271.153 (Vernon Supp.2009). Because the contracts at issue here were executed long before June 19, 2009, the amended section 271.153(a)(3) does not apply. Instead, the repealed section 271.159 still controls the issue of attorney's fees in this case. *See id.* ("A claim that arises under a contract executed before the effective date of this Act is governed by the law as it existed immediately before the effective date of this Act, and that law is continued in effect for that purpose."). Because it is undisputed that the contracts at issue do not provide for recovery of the prevailing party's attorney's fees, section 271.159 does not waive appellant's immunity from suit as to attorney's fees.

### B. Prompt Pay Act

local governmental entity has entered into a written agreement that expressly authorizes the prevailing party in the adjudication to recover its reasonable and necessary attor-

Appellee's reliance on section 2251.043 of the Prompt Pay Act is similarly misplaced. The Dallas Court of Appeals recently addressed this issue and determined that the Prompt Pay Act does not waive immunity from suit for attorney's fees. *McMahon Contracting, L.P. v. City of Carrollton,* 277 S.W.3d 458, 465 (Tex. App.-Dallas 2009, pet. denied). As part of its analysis, the Dallas Court of Appeals distinguished *State v. Mid–South Pavers, Inc.,* 246 S.W.3d 711 (Tex.App.-Austin 2007, no pet.), the case appellee cites in support of its contention appellant's immunity from suit has been waived, because it involved a suit against the Texas Department of Transportation "pursuant to a written contract and under authority of specific provisions of the transportation code providing for resolution of a 'claim arising under a contract.'" *McMahon Contracting,* 277 S.W.3d at 466. We agree with the Dallas Court of Appeals' analysis and hold that section 2251.043 does not provide a clear and unambiguous waiver of appellant's immunity from suit for appellee's attorney's fee claim. We sustain appellant's second issue.

### Conclusion

Having sustained appellant's issues, we reverse the trial court's denial of appellant's Plea to the Jurisdiction on appellee's quantum meruit and attorney's fees claims and render judgment dismissing those causes of action. We remand this case to the trial court for further proceedings consistent with this opinion.

MIRABAL, J., dissenting.

ney's fees by specific reference to this section.
Tex. Loc. Gov't Code Ann. § 271.159 (Vernon 2005).

MARGARET GARNER MIRABAL, Senior Justice, dissenting.

I respectfully dissent, in part.

I agree with the Majority's disposition of issue one dealing with quantum meruit. However, I disagree with the Majority's disposition of issue two dealing with attorney's fees.

We all agree that Section 271.152 of the Local Government Code waives governmental "immunity from suit" for breach of contract. *See City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350, 359 (Tex.App.-Houston [14th Dist.] 2008, rule 53.7(f) motion granted). "Breach of contract" is a "cause of action". In contrast, a claim for attorney's fees is *not* a "cause of action"; rather it is a remedy arising out of a cause of action. With regard to attorney's fees, the only immunity issue would be whether the governmental entity is "immune from liability" for attorney's fees. The present case only involves issues of "immunity from suit", not "immunity from liability". If a governmental entity can be sued for breach of contract, as here, then it can be sued for damages; the types of damages that can be recovered from the governmental entity, such as attorney's fees, depends on whether the entity has waived "immunity from liability" for such damages.

I agree with the reasoning of the Court, regarding claims for attorney's fees, in *State v. Mid–South Pavers, Inc.*, 246 S.W.3d 711, 729–30 (Tex.App.-Austin 2007, no pet.). I disagree with *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 465–66 (Tex.App.-Dallas 2009, no pet.), to the extent *McMahon* conflicts with *Mid–South*.

I would sustain appellant's issue one, and overrule appellant's issue two. Accordingly, I would reverse the trial court's denial of appellant's Plea to the Jurisdiction on appellee's quantum meruit cause of action, I would affirm the trial court's denial of appellant's Plea to the Jurisdiction regarding attorney's fees, and I would remand the case for further proceedings.