Reversed in Part and Dismissed, Affirmed in Part and Remanded, and Majority
and Dissenting Opinions filed February 25, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00571-CV

___________________

 

Harris County Flood Control District,
Appellant

 

V.

 

Great American Insurance Company,
Appellee



 



 

On
Appeal from the 157th District Court

Harris County,
Texas



Trial Court Cause No. 2008-19859

 



 

 

DISSENTING OPINION

I respectfully dissent, in part.

I agree with the Majority’s disposition of issue one
dealing with quantum meruit. However, I disagree with the Majority’s
disposition of issue two dealing with attorney’s fees.

We all agree that Section 271.152 of the Local
Government Code waives governmental “immunity from suit” for breach of
contract. See City of Houston v. Petroleum Traders Corp., 261 S.W.3d
350, 359 (Tex. App.-Houston [14th Dist.] 2008, rule 53.7(f) motion
granted). “Breach of contract” is a “cause of action”.  In contrast, a claim
for attorney’s fees is not a “cause of action”; rather it is a remedy
arising out of a cause of action. With regard to attorney’s fees, the only
immunity issue would be whether the governmental entity is “immune from liability”
for attorney’s fees.  The present case only involves issues of “immunity from
suit”, not “immunity from liability”.  If a governmental entity can be sued for
breach of contract, as here, then it can be sued for damages; the types of
damages that can be recovered from the governmental entity, such as attorney’s
fees, depends on whether the entity has waived “immunity from liability” for
such damages. 

I agree with the reasoning of the Court, regarding
claims for attorney’s fees, in State v. Mid-South Pavers, Inc., 246 S.W.
3d 711, 729-30 (Tex. App.—Austin 2007, no pet.).  I disagree with McMahon
Contracting, L.P. v. City of Carrolton, 277 S.W.3d 458, 465-66 (Tex. App.
–Dallas 2009, no pet.), to the extent McMahon conflicts with Mid-South.

I would sustain appellant’s issue one, and overrule
appellant’s issue two.  Accordingly, I would reverse the trial court’s denial
of appellant’s Plea to the Jurisdiction on appellee’s quantum meruit cause of
action, I would affirm the trial court’s denial of appellant’s Plea to the
Jurisdiction regarding attorney’s fees, and I would remand the case for further
proceedings. 

                                                                        

                                                /s/                    Margaret
Garner Mirabal

                                                                        Senior
Justice

            

Panel consists of Chief
Justice Hedges and Justices Seymore and Mirabal.[1] (Hedges, CJ. majority.)

 









[1] Senior Justice Margaret
Garner Mirabal sitting by assignment.