OPINION
Opinion by:
Patricia O. Alvarez, Justice
This case stems from the trial court’s grant of Appellee Guadalupe-Bianco River Authority’s (GBRA.) plea to the jurisdiction regarding Appellant NBL 300 Group Ltd.’s breach of contract claim. On appeal, NBL contends GBRA waived immunity under Texas Local Government Code sections 271.151-.160. See Tex. Loc. Gov’t Code Ann. §§ 271.151-.160 (West 2016). Because we conclude. the pleadings set forth a negotiated and executed contract for goods and services, we reverse the trial court’s grant of GBRA’s plea to the jurisdiction and remand this matter to the trial court for further proceedings- consistent with this opinion.
Factual and Procedural Background
NBL, a developer, was in the process of developing a group of properties known as Legend Pond. As part of the development process, on May 25, 2003, NBL and GBRA entered into an agreement for the construction of a “wet well” and “lift station” (wastewater systems). Pursuant to the contract, NBL was to provide and over *532 see/arrange for the engineering, design, and construction of various improvements to the properties in question. In return, GBRA was to provide reimbursements for connections made to the wet well and lift station, and to establish the rates for connection to the wastewater project. Additionally, the contract provided as followed:
[i]n order to reimburse NBL Group for its pro-rata share of [engineering and permitting costs], GBRA agrees to add $100.00 per lot to the connection fees and such additional fees will be collected and retained by GBRA in the same manner as connection fees are handled under this Agreement. Monies collected and retained by GBRA as part of this $100.00 per lot additional fee will be forwarded to NBL on a quarterly basis (every 90 days) until such time NBL Group is reimbursed its pro-rata share of the engineering and permitting costs under this agreement.
In accordance with the contractual terms, the agreement terminated on April 25, 2013.
On June 28, 2016, NBL filed suit against GBRA alleging breach of contract and fraud, and in the alternative, sought recovery under the doctrines of quantum meru-it, promissory estoppel, negligent misrepresentation, fraud, and gross negligence. On September 30, 2016, GBRA timely filed its original answer.
On November 22, 2016, GBRA filed its plea to the jurisdiction asserting that NBL failed to demonstrate a valid legislative waiver of immunity on each of NBL’s claims. Approximately one month later, on December 27, 2016, NBL filed Plaintiffs First Amended Petition. GBRA filed its First Amended Answer and Amended Plea to the Jurisdiction to Plaintiffs First Amended Petition on January 11, 2017. NBL’s response to the Amended Plea to the Jurisdiction was filed on January 24, 2017.
A hearing on the plea to the jurisdiction was héld on January 26, 2017. On March 7, 2017, the trial court entered a final judgment in favor of GBRA, granting the GBRA’s plea to the jurisdiction and dismissing NBL’s case in its entirety. This appeal ensued.
Standard op Review
“A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction.” Harris Cty. v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004); Tex. Nat. Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). The purpose of a plea to the jurisdiction is “to defeat a cause of action without regard to whether the claims asserted have merit.” Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Because the existence of subject matter jurisdiction is a question of law, we review a trial court’s ruling on a plea to the jurisdiction de novo. Hous. Belt & Terminal Ry. Co. v. City of Hous., 487 S.W.3d 154, 160 (Tex. 2016); State v. Holland, 221 S.W.3d 639, 642 (Tex. 2007).
An appellate court’s analysis begins with an evaluation of the plaintiffs’ pleadings. Holland, 221 S.W.3d at 642, “We construe the pleadings liberally, looking to the pleaders’ intent.” Id. at 643 (citing Miranda, 133 S.W.3d at 226); accord City of Waco v. Kirwan, 298 S.W.3d 618, 621-22 (Tex. 2009). In deciding a plea to the jurisdiction, a court may not weigh the claim’s merits but-must consider only the plaintiffs pleadings and the evidence pertinent to the jurisdictional inquiry. Holland, 221 S.W.3d at 642; see also Cnty. of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). “Our ultimate inquiry is *533 whether the particular facts presented, as determined by the foregoing review of the pleadings and any evidence, affirmatively demonstrate a claim within the trial court’s subject[ ]matter jurisdiction.” Tex. Dep’t of State Health Servs. v. Balquinta, 429 S.W.3d 726, 738 (Tex. App.—Austin 2014, pet. dism’d).
Our standard of review in a plea to the jurisdiction case “generally mirrors that of a summary judgment.” Miranda, 133 S.W.3d at 228; Kirwan, 298 S.W.3d at 622. To survive a plea to the jurisdiction, the plaintiff must “show that there is a disputed material fact regarding the jurisdictional issue.” Miranda, 133 S.W.3d at 228; Kinvan, 298 S.W.3d at 622. We take as true all evidence favorable to the plaintiffs pleadings and indulge every reasonable inference and resolve all doubts in the plaintiffs favor. See Miranda, 133 S.W.3d at 228.
Here, NBL bore the burden to plead facts that affirmatively demonstrate that governmental immunity has been waived as to the alleged breach of contract claims and that the trial court has subject matter jurisdiction. See McMahon Contracting, L.P. v. City of Carrollton, 277 S.W.3d 458, 464 (Tex. App.—Dallas 2009, pet. denied).
Texas Government Code Section 271.152
Governmental entities retain immunity from suit unless it has been waived. City of Houston v. Williams, 353 S.W.3d 128, 134 (Tex. 2011). “If the Legislature has not expressly waived immunity from suit, the State retains such immunity even if its liability is not disputed.” IT-Davy, 74 S.W.3d at 853. The waiver of immunity set forth in section 271.152 provides as follows:
A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract, subject to the terms and conditions of this subchapter.
Tex. Loc. Gov’t Code Ann. § 271.152 (West 2016). For a contract to be subject to section 271.152’s waiver of immunity, it (1) must be in writing, (2) state the essential terms of the agreement, (3) provide for goods or services, (4) to the local governmental entity, and (5) be executed on behalf of the local governmental entity. See Tex. Loc. Gov’t. Code Ann. § 271.151(2) (defining “contract' subject to this sub-chapter”). The Guadalupe-Bianco River Authority is a governmental unit entitled to sovereign immunity. Guadalupe-Bianco River Auth. v. Pitonyak, 84 S.W.3d 326, 332 n.1 (Tex. App.—Corpus Christi 2002, no pet); Tex. Crv. Prac. & Rem. Code Ann. § 101.001(3)(B) (conservation and reclamation districts are governmental entities under the Texas Tort Claims Act); accord Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth., 320 S.W.3d 829, 836 (Tex. 2010) (“Water Control and Improvement Districts are valid and existing governmental agencies and bodies politic.”) (internal quotations omitted). Thus, the Legislature affords GBRA governmental immunity from suit, unless immunity is expressly waived. Our analysis, therefore, turns' to a review of NBL’s pleadings.
GBRA contends the term “various contracts” in NBL’s pleadings equates to a failure to plead with sufficient specificity. We disagree. Attached to NBL’s Amended Petition, GBRA’s Amended Plea to the Jurisdiction, and introduced during the hearing on the plea to the jurisdiction was the May 23, 2003 contract. On its face, the contract expired by its own terms on April 23, 2013.
*534 We remain mindful that an appellate court must indulge every reasonable inference in the plaintiffs favor. See Miranda, 133 S.W.3d at 228. Although GBRA contends the 2003 contract was nullified by a 2009 agreement, GBRA’s argument itself raises a question of fact. See id., 133 S.W.3d at 228 (concluding questions of fact will defeat a plea to the jurisdiction); Kirwan, 298 S.W.3d at 622. We conclude NBL’s pleadings support the existence of a contract executed between the parties on May 23, 2003.
We now turn to whether NBL plead a valid waiver of immunity. ■
Waiver op Sovereign Immunity
“The relevant inquiry” is whether the contract at issue “entail[s] the provision of ‘goods or services’” to the local governmental, entity. Kirby Lake Dev., 320 S.W.3d at 839. Athough chapter 271 provides no definition for the term “services,” the term is generally “broad enough to encompass a wide array of activities,” Id. “In ordinary usage the term ‘services’ has a rather broad and general meaning,” and “[i]t includes generally any act performed for the benefit of another under some arrangement or agreement whereby such act was to have been performed.” Id. (citing Van Zandt v. Fort Worth Press, 359 S.W.2d 893, 895 (Tex. 1962)).
A contract must include essential terms: the names of the parties, property at issue, and each party’s basic obligations. See Fort Worth Indep. Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831, 846 (Tex. 2000) (noting that a contract is legally binding “if its terms are sufficiently definite to enable a court to understand the parties’ obligations”). Here, the contract sets forth the parties—NBL and GBRA, and outlines NBL’s obligations to construct a wastewa-ter collection system. In. addition, the contract contemplates, inter alia, that NBL will propose a master .plan, including design,- permitting, acquisition, and construction of the facilities. NBL is responsible for engineering and permitting fees. In return, GBRA is obligated, inter alia, to review and approve all plans and specifications and to establish, to collect, and to forward fees to NBL as reimbursement for monies expended.
GBRA argues that the 2009 agreement does not meet the requirements under section 271.152 that the contract be for goods or services. See Tex. Loc. Gov’t Code Ann. § 271.152. Having already determined that the NBL’s first amended petition relies on the 2003 contract, we conclude that, on its face, the 2003 contract sets forth goods or services. See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdiv. Prop./Cas. Joint Self-Ins. Fund, 212 S.W.3d 320, 327 (Tex. 2006) (concluding that constructing, developing, leasing, and bearing all risk of loss or damage to the facilities provides a service); Town of Flower Mound v. Rembert Enters., Inc., 369 S.W.3d 465, 473-74 (Tex. App.—Fort Worth 2012, pet. denied) (concluding' services included constructing road; designing and constructing the Right-Turn Lane; and working with TxDOT concerning the' location, alignment, design, and construction); City of N. Richland Hills v. Home Town Urban Partners, Ltd., 340 S.W.3d 900, 908-09 (Tex. App.-Fort Worth 2011, no pet.) (holding agreement to hire third party contractors, among other things, constituted provision of services to city).
GBRA further, contends that NBL has not plead any ■ outstanding payments due and owing. We disagree. We remain mindful of an appellate court’s obligation to construe the pleadings liberally. Miranda, 133 S.W.3d at 226; Kirwan, 298 S.W.3d at 621. Immediately below the *535 NBL’s recitation of the facts are simple, straightforward allegations of breach of contract. NBL alleges that GBRA: (1) refused to perform obligations under the contract; (2) failed and refused to pay amounts owed under the contract; (3) failed to comply with its obligations under the contract; and (4) that the breach was material because GBRA did not substantially perform a material, obligation required under the contract. As for damages, NBL seeks loss of the benefit of the bargain, loss of investment opportunity, loss of fees, and attorney’s fees.
Conclusion
Because we may not weigh the merits of either NBL’s or GBRA’s' claims, see Holland, 221 S.W.3d at 642; Cnty. of Cameron, 80 S.W.3d at 556, the only question before this court is whether the pleadings support jurisdiction. See Holland, 221 S.W.3d at 642; Cnty. of Cameron, 80 S.W.3d at 555. Thus, whether NBL’s claims can be substantiated and whether NBL can actually prove its entitlement to monies owed, is of no concern at this junction. See Holland, 221 S.W.3d at 642; Cnty. of Cameron, 80 S.W.3d at 555. Our review is limited to determining whether the trial court erred in concluding NBL failed to state sufficient facts to allege a waiver of immunity. .NBL’s pleadings allege a written contract was negotiated and executed, that GBRA was authorized to enter into the contract and duly executed the contract, and that the contract sets forth goods or services. We conclude the trial court erred in granting GBRA’s plea to the jurisdiction. See Ben Bolt, 212 S.W.3d at 327; Town of Flower Mound, 369 S.W.3d at 473-74; City of N. Richland Hills, 340 S.W.3d at 908-09.
Accordingly, we reverse the trial court’s grant of Appellee Guadalupe-Bianco River Authority’s plea to the jurisdiction in relation to Appellant -NBL 300 Group Ltd.’s breach of contract claim -and remand, this matter to the trial court for further proceedings consistent with this opinion...