**Opinion filed April 17, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00117-CV

_____

## CITY OF MIDLAND, Appellant

## V.

## M.T.D. ENVIRONMENTAL, L.L.P., Appellee

**On Appeal from the County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. CC-14,397**

### O P I N I O N

M.T.D. Environmental, L.L.P. sued the City of Midland for breach of a written contract. The City filed a motion for summary judgment, and the trial court granted it. M.T.D. appealed that ruling to this court. Because we held that contractual waivers upon which the trial court relied were void, we reversed and remanded the case to the trial court. Basically, we invited the parties to further

develop the issue of governmental immunity in the trial court.[1]  On remand, the trial court denied a plea to the jurisdiction that the City had filed.  This interlocutory appeal followed, and the issue of governmental immunity is squarely before us.  We reverse and render in part and affirm in part, and we remand the case to the trial court for further proceedings consistent with this opinion.

On May 9, 2007, the City and M.T.D. entered into a one-year contract whereby M.T.D. agreed to grind yard waste (tree limbs and other yard waste) into mulch.  Some grinding took place at the City's landfill, and the mulch was stored there.  Some grinding occurred off premises, and M.T.D. was to haul that mulch to the City landfill.  The City agreed to pay M.T.D. by the ton for those services.  During the course of the year, a dispute arose as to the amount that M.T.D. billed the City.  The City paid two of three invoices that M.T.D. sent but refused to pay the last one based upon the belief of City personnel that M.T.D., in the three invoices, had overcharged the City by a substantial amount.  M.T.D. ultimately sued the City for $100,609.25, the amount of the last invoice, as well as for interest and attorney's fees under the Prompt Payment Act.[2]

In the City's plea to the jurisdiction, it challenged the trial court's subject-matter jurisdiction over M.T.D.'s attorney's fee and interest claims under the Prompt Payment Act; the City based that challenge on a claim of governmental immunity from suit and from liability.  As we have noted, the trial court disagreed, and it denied the plea to the jurisdiction.

A plea to the jurisdiction is a proper vehicle by which to challenge a trial court's subject-matter jurisdiction.  *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).  A claim of governmental immunity is a

---

[1]*M.T.D. Envtl., L..L.P. v. City of Midland*, 315 S.W.3d 606 (Tex. App.—Eastland 2010, pet. denied).

[2]TEX. GOV'T CODE ANN. ch. 2251 (West 2008).

2

challenge to a trial court's subject-matter jurisdiction.[3] This court has jurisdiction to review a district court's interlocutory order denying or granting a plea to the jurisdiction filed by a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2013).

In a claim against a governmental entity, the claimant has the burden to affirmatively establish that the trial court has subject-matter jurisdiction over the claim. *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 464 (Tex. App.—Dallas 2009, pet. denied). Because the existence of a trial court's subject-matter jurisdiction is a question of law, our review of a challenge to it is de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). When we review a trial court's ruling on a challenge to subject-matter jurisdiction, we consider only the pleadings and evidence relevant to the question of that jurisdiction; we do not consider the merits of the claim. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If evidence relevant to jurisdiction negates the existence of jurisdiction, then the trial court must grant the plea to the jurisdiction. *Holland*, 221 S.W.3d at 643. We will proceed to determine whether, then, M.T.D. has met its burden in the face of the City's claim of governmental immunity.

There are two components to governmental immunity: immunity from suit and immunity from liability. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit deprives a court of subject-matter jurisdiction. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Governmental immunity from suit is a bar to a suit against a governmental entity altogether, unless the State has consented to it. *Tooke*, 197 S.W.3d at 332. On the other hand, governmental

---

[3]"Courts often use the terms sovereign immunity and governmental immunity interchangeably." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). While both concepts refer to immunity from suit and liability, sovereign immunity refers to the State and "the various divisions of state government, including agencies, boards, hospitals, and universities," and governmental immunity "protects political subdivisions of the State, including counties, cities, and school districts." *Id.*

immunity from liability bars enforcement of a judgment against a governmental entity. *Id.* A governmental entity waives immunity from liability when it enters into a contract and binds itself to the terms of the contract. *Id.* But even though a governmental entity might acknowledge liability or waive immunity from liability by entering into a contract, immunity from suit is not waived until the legislature consents to it. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). In its sole issue on appeal, the City contends that it is immune from suit as well as immune from liability under the Prompt Payment Act.

Waiver of immunity is a matter for the legislature. *Tooke*, 197 S.W.3d at 332. Because legislative control over waiver of immunity is not to be lightly disturbed, any waiver must be clear and unambiguous. *See* TEX. GOV'T CODE ANN. § 311.034 (West 2013) (waiver must be by clear and unambiguous language); *Ben Bolt*, 212 S.W.3d at 324.

In its live pleading, M.T.D. alleged that it was "entitled to recover its reasonable attorney fees incurred in collection of this invoice payment and interest due under Section 2251.043, Texas Government Code [the Prompt Payment Act]." It also alleged a claim under Chapter 271 of the Texas Local Government Code.[4] The legislature has waived immunity, and the trial court has jurisdiction over the breach of contract claims. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005). The City counters that, although the Prompt Payment Act might contain a waiver of immunity from liability, there is no provision in the Act whereby the State waived governmental immunity from suit. It is M.T.D.'s position that, "[o]nce it is determined that governmental immunity has been waived by the City under §271.152, the issue becomes whether MTD has the right to collect attorneys

---

[4]TEX. LOC. GOV'T CODE ANN. ch. 271 (West 2005 & Supp. 2013).

4

fees and interest as provided in the Prompt Payment Act once the dispute is resolved."

Section 271.152 of the Texas Local Government Code provides:

A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

By the terms of the Prompt Payment Act, political subdivisions are required to make timely payment for the purchase of certain services made pursuant to a contract. GOV'T §§ 2251.001–.055. The Act contains provisions for the payment of interest and attorney's fees under defined circumstances. However, the Act does not contain any express provision that indicates that the legislature waived immunity from suit. *Id.* Any waiver of governmental immunity must be clear and unambiguous. *Ben Bolt*, 212 S.W.3d at 327. Neither party to this appeal contends that the Prompt Payment Act in itself contains such a waiver. In fact, M.T.D. states that "all of the discussion over whether immunity is waived under the Prompt Payment Act is immaterial." M.T.D.'s argument is based upon the premise that, when the City entered into the contract with M.T.D., it waived immunity from suit under Chapter 271 of the Texas Local Government Code and that that is all that is jurisdictionally required for it to recover under the Prompt Payment Act. Thus, the question to be determined in this appeal is: Does Chapter 271 of the Texas Local Government Code waive immunity from suit and from liability for remedies contained in the Prompt Payment Act?

When we construe a statute, our main goal is to determine and give effect to the legislature's intent. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). To determine that intent, we look to the statute as a whole, as opposed to isolated provisions. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.

5

2002). Our construction begins with the plain language of the statute under review, and we apply its common meaning. *City of San Antonio*, 111 S.W.3d at 25. If the statutory text is unambiguous, we adopt a construction that is supported by the plain language of the statute, unless that construction would lead to an absurd result. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999).

The courts of appeals that have considered this issue have disagreed with M.T.D.'s position. Those courts have held that, before one can bring suit seeking the benefits of the Prompt Payment Act, the Act must contain a waiver of immunity from suit and that there is no such waiver in the Prompt Payment Act. *See City of San Antonio v. KGME, Inc.*, 340 S.W.3d 870 (Tex. App.—San Antonio 2011, no pet.) (Prompt Payment Act contains waiver of immunity from liability, but not from suit); *Harris Cnty. Flood Control Dist. v. Great Am. Ins. Co.*, 309 S.W.3d 614 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (Prompt Payment Act does not contain a waiver of immunity from suit); *Port Neches-Groves Indep. Sch. Dist. v. Pyramid Constructors, L.L.P.*, 281 S.W.3d 142, 147 (Tex. App.—Beaumont 2009, pet. denied) ("Chapter 2251 does not waive governmental immunity for resolving a disputed payment."); *McMahon Contracting*, 277 S.W.3d at 465 (there are no provisions in the Prompt Payment Act that discuss or address governmental or sovereign immunity; the Act does not include language to indicate that such immunity is waived).

M.T.D.'s approach is somewhat different from the approach taken in the above-cited cases in that M.T.D. claims that immunity is waived, not under the Prompt Payment Act, but rather under Chapter 271. M.T.D. refers us to *State v. Mid-South Pavers, Inc.*, 246 S.W.3d 711 (Tex. App.—Austin 2007, pet. denied), in support of its position. We find that case to be distinguishable and, in its differences, find it to be supportive of the position taken by the City.

6

In *Mid-South Pavers*, TxDOT and Mid-South had entered into a highway construction contract. 246 S.W.3d at 714. Ultimately, a dispute arose under the agreement. After administrative procedures were exhausted, Mid-South sought review from the district court. On appeal of the district court's ruling to the Austin Court of Appeals, the appellate court was called upon to consider, among other things, TxDOT's assertion that it was immune from suit as well as from liability by virtue of its sovereign immunity. *Id.* at 728–31.

The statutes under review by the Austin court, and under which waiver of immunity from suit was found to exist, are not like those involved in this appeal. Section 201.112 of the Texas Transportation Code provides the exclusive remedy for contract claims against TxDOT. *Id.* at 729. In that statute, the legislature waived immunity from suit when the suit was one to resolve "a claim arising out of a contract." *Id.* (quoting TEX. TRANSP. CODE ANN. § 201.112(a) (West 2011)).

After applying the rules of statutory construction, the Austin Court of Appeals construed the language "arising out of" to require a nexus or connection between the claim and the attorney's fees and interest, and it concluded that the fees and interest "stem or result from the contract." *Id.* It reasoned that, "[w]ithout the contract . . . Mid-South would have no claims for attorney's fees or interest." *Id.* The court found a sufficient nexus and concluded that the claims for attorney's fees and interest *arose out of the contract* within the meaning of Section 201.112 of the Transportation Code and that Section 201.112 waived immunity from suit on those claims. *Id.* at 730. Although the court held that the Prompt Payment Act contained a waiver of governmental immunity from liability, the court held that it was the language of Section 201.112 of the Texas Transportation Code that resulted in a waiver of immunity from suit. The court wrote: "Therefore, we conclude that Mid-South's claims for attorney's fees and interest are claims

7

'arising out of a contract' within the meaning of section 201.112 and that section 201.112 necessarily waives sovereign immunity from suit on those claims." *Id.*

Because the claim in *Mid-South Pavers* was brought under Section 201.112(a) of the Texas Transportation Code with its "arising from" language, the Dallas court in *McMahon* concluded that it was distinguishable. We agree. *McMahon* "turn[ed] on the discreet provisions of Chapter 271 of the local government code." *McMahon*, 277 S.W.3d at 466. Chapter 271 was not part of the analysis in *Mid-South Pavers*, and Chapter 271 does not contain similar "arising from" language as did the Transportation Code provision relied upon there. *Mid-South* informs us that the legislature knew how to include language in a statute in order to waive governmental immunity from suit.

We also note the legislative history that surrounds Section 271.159 of the Texas Local Government Code. At the time that the City and M.T.D. entered into the contract, Section 271.159 barred the recovery of attorney's fees unless provisions for the recovery were expressly provided for in the agreement by specific reference to Section 271.159.[5] The contract in this case did not provide for the recovery of attorney's fees. When the legislature repealed Section 271.159 in 2009, it also added Section 271.153(a)(3) to allow for the recovery of attorney's fees.[6] An amendment to Section 271.153 in 2011 included a change regarding the recovery of interest. Since its enactment in 2005, Section 271.153 has provided for the recovery of "interest as allowed by law."[7] In 2011, the section was amended to provide for the recovery of "interest as allowed by law, including interest as

---

[5]Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 1, 2005 Tex. Gen. Laws 1548.

[6]Act of May 31, 2009, 81st Leg., R.S., ch. 1266, §§ 8, 16, 2009 Tex. Gen. Laws 4006–08.

[7]Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 1, 2005 Tex. Gen. Laws 1548.

8

calculated under Chapter 2251" of the Texas Government Code.[8] The amendment was effective September 1, 2011, and applied prospectively only.[9] These changes in the law further convince us that, at the time the contract was entered into in this case, Chapter 271 of the Texas Local Government Code did not constitute a waiver of governmental immunity from suit in connection with Chapter 2251 of the Texas Government Code.

For all of the foregoing reasons, we agree with our sister courts of appeals that have addressed the subject. We hold that, under the facts of this case, the City was immune from suit in connection with the Prompt Payment Act claims made by M.T.D. The trial court erred when it denied that portion of the City's plea to the jurisdiction in which it asserted governmental immunity from suit in connection with the Prompt Payment Act claims. The City's single issue on appeal is sustained as to the Prompt Payment Act claims. Otherwise, the issue is overruled.

We reverse the order of the trial court in part and render judgment dismissing the claims made in this lawsuit by M.T.D. under the Prompt Payment Act. We affirm as to the trial court's jurisdiction to hear M.T.D.'s claims under Chapter 271, and we remand that portion of this case to the trial court for further proceedings consistent with this opinion.

April 17, 2014                 JIM R. WRIGHT

Panel consists of: Wright, C.J.,          CHIEF JUSTICE
Bailey, J., and McCall.[10]

Willson, J., not participating.

---

[8]Act of May 19, 2011, 82nd Leg., R.S., ch. 226, § 1, 2011 Tex. Gen. Laws ___.

[9]*Id.* §§ 2–3.

[10]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.