ACCEPTED
14-14-00294-cv
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
1/7/2015 7:00:06 PM
CHRISTOPHER PRIN
CLERK

Case No. 14-14-00294-CV

_____

## IN THE FOURTEENTH COURT OF APPEALS
## HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/7/2015 7:00:06 PM
CHRISTOPHER A. PRINE
Clerk

_____

## CITY OF GALVESTON AND STERLING PATRICK, DIRECTOR OF THE CITY GRANTS AND HOUSING DEPARTMENT, AND DOROTHY PALUMBO, GALVESTON CITY ATTORNEY, IN THEIR OFFICIAL CAPACITIES,

*Appellants,*

**v.**

## CDM SMITH INC.,

*Appellee.*

_____

**ON APPEAL FROM THE
56th DISTRICT COURT, GALVESTON COUNTY, TEXAS
Cause No. 13-CV-0844**

_____

# UNOPPOSED SUPPLEMENT TO APPELLEE'S BRIEF AND APPENDIX OF APPELLEE

_____

Roland Garcia, Esq.
State Bar 07645250
Jennifer Tomsen, Esq.
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone (713) 374-3500, Facsimile (713) 374-3505
garciar@gtlaw.com

Andrew Mytelka, Esq.
Joseph Russo, Esq.
GREER, HERZ & ADAMS, LLP
1 Moody Plaza, Floor 18
Galveston, Texas 77550
Telephone: (409) 797-3200

1

HOU 408242630v6

**TO THE HONORABLE COURT OF APPEALS:**

At oral argument on December 4, 2014, Appellee CDM Smith urged that the Court should uphold the lower court's ruling that the City of Galveston was not immune to CDM Smith's claim for interest under the Prompt Payment Act, among other arguments. In support, CDM Smith had recently located legislative history to the 2011 amendments to Chapter 271, specifically House Bill 345 from the 2011 Regular Session of the Legislature, which proposed the revision to Section 271.153(a) of the Texas Local Government Code. *See* Act of June 17, 2011, 82nd Leg., R.S., ch. 226, §271.153, 2011 Tex. Sess. Law Serv. 809 (courtesy copy attached). These are publicly available records that CDM Smith intended to show the Panel on the Elmo during oral arguments, but the Elmo was not available as requested. CDM Smith understood the Panel to grant leave to supplement the record with this authority. (If not, then leave is hereby requested to consider this supplemental submission, and counsel for the City of Galveston is unopposed to this submission.) Accordingly, CDM Smith hereby offers this supplement to its previously filed Appellee's Brief and Appendix.

Section 271.152 waives immunity to suit for municipalities that enter contracts for services under that subchapter. House Bill 345 proposed amending Section 271.153(a) by the addition of the text in bold below:

Section 1. Section 271.153(a), Local Government Code, is amended to read as follows:

2

(a) The total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:

. . . .

(4) interest as allowed by law, **including interest as calculated under Chapter 2251, Government Code [the Prompt Payment Act].**

*Id*. (parenthetical added). The amendment would apply to adjudications "commenced on or after the effective date of this Act." *See* Exhibit A, Section 2. The amendment reflected in House Bill 345 was adopted and took effect on September 1, 2011. *See* Tex. Local Gov't Code § 271.153; Appellee's Brief, Tab B (courtesy copy attached).

Chapter 2251 of the Government Code is the Prompt Payment Act. Accordingly, the Legislature acted in 2011 to *specifically reference interest under the Prompt Payment Act as allowable damages*. Because Section 271.153 already made reference to "interest as allowed by law," the Legislature's amendment to specifically reference interest calculated under the Prompt Payment Act can only mean that where immunity is waived under Section 271.152, immunity is necessarily waived also for the purposes of an award of Prompt Payment Act interest on the contract.

The City relied on *McMahon Contracting, L.P. v. City of Carrollton,* 277 S.W.3d 458 (Tex. App.—Dallas 2009, pet. denied) to oppose waiver of immunity

3

for interest under the Prompt Pay Act. CDM Smith briefed reasons why *McMahon* does not apply here, and was wrongly decided. Whether or not *McMahon* was correctly decided, the 2011 amendment to Section 271.153 renders *McMahon* and the cases following *McMahon* outdated and no longer applicable, because, among other reasons previously briefed, they were decided before the Legislature amended Section 271.153 to expressly permit Prompt Payment Act interest as allowable damages, i.e., as part of the damages "as allowed by law." *See* Section 271.153(a)(4). *See also McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 465 (Tex. App.—Dallas 2009, pet. denied); *Harris Co. Flood Control Dist. v. Great American Ins. Co.*, 309 S.W.3d 614, 617-618 (Tex. App.—Houston [14th Dist.] 2010, no pet.). *City of Midland v. M.T.D. Environmental, L.L.P.* was decided after the 2011 amendment but is also not applicable, not only because it relied on the cases following *McMahon*, but because the 2011 amendment referencing the Prompt Payment Act applied to adjudications commenced after the Act's effective date. 429 S.W.3d 800, 806 (Tex. App.—Eastland 2014, no pet.).[1] The litigation here was commenced in 2013.

CDM Smith has not located any other case on point post the 2011 legislative amendments. The Panel's decision in this case should clarify the state of the law

---

[1] The case does not reference the date that suit was commenced, but the court decided that the city was immune from Prompt Payment Act claims because the 2011 amendment "applied prospectively only," suggesting a litigation commencement date prior to the effective date of the amendment. *City of Midland*, 429 S.W.3d at 806.

HOU 408242630v6

on the Prompt Payment Act, and give effect to the Texas Legislature's 2011 amendment to Section 271.153, *i.e.* to allow recovery of Prompt Payment Act interest from a local government entity. [2]

This Supplement is filed as soon as practicable considering the holidays and the undersigned counsel's schedule, and is not sought for purposes of delay, but so that justice may be served.

WHEREFORE, CDM Smith requests that the Court consider this supplement to its Brief and Appendix, and affirm the District Court's denial of the Plea to the Jurisdiction by Appellants.

---

[2] *See* Senate Comm. on Intergovernmental Relations, Bill Analysis, Tex. H.B. 345, 82nd Leg., R.S. (2011)("Author's/Sponsor's Statement of Intent")("In general, a contractor, subcontractor, or supplier is entitled under state law to receive interest, commonly called prompt pay interest, on past due payments for work performed on a public construction project owned by the state or other governmental entity. **Some interested parties contend that recent court decisions have misinterpreted Texas law regarding whether prompt pay interest on public jobs is barred by governmental immunity. H.B. 345 seeks to clarify that issue**.") (emphasis added) (courtesy copy attached). Moreover, the Bill Analysis of HB 345 by the House Research Organization further clarified the Legislature's intent: "HB 345 would allow for the recovery of 'prompt pay interest' from local government entities in breach of contract claims, resolving a misinterpretation of the law. Government Code, sec. 2251.042, which allows for prompt pay interest from a governmental entity, was enacted in 1993. Local Government Code, sec. 271-153, which provides for 'interest as allowed by law' in a contract claim against a local government, was enacted in 2005. **Therefore, prompt pay interest should be interest allowed by law in 2005. However, recent court decisions in this area have not been consistent with the plain meaning of the law. HB 345 would clarify this issue**." House Comm. on Judiciary and Civil Jurisprudence, Bill Analysis, Tex. H.B. 345, 82nd Leg., R.S. (2011)("Supporters Say," emphasis added) (courtesy copy attached).

Respectfully submitted,

/s/Roland Garcia
Roland Garcia, Esq.
State Bar 97645250
Jennifer Tomsen, Esq.
State Bar No. 24064535
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone (713) 374-3500,
Facsimile (713) 374-3505
garciar@gtlaw.com
tomsenj@gtlaw.com

Andrew Mytelka, Esq.
Joseph Russo, Esq.
GREER, HERZ & ADAMS, LLP
1 Moody Plaza, Floor 18
Galveston, Texas  77550
Telephone:  (409) 797-3200
Facsimile (409) 766-6424
amytelka@greerherz.com
jrusso@greerherz.com

**COUNSEL FOR APPELLEE**

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was served on the 7th day of January, 2015 via electronic filing on all counsel of record.

/s/ Roland Garcia
Roland Garcia

**CERTIFICATE OF COMPLIANCE**

This Brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(B) because the aggregate of all of Appellee's briefs contain fewer than

HOU 408242630v6

27,000 words, excluding the parts of the Brief exempted under the Rule.

/s/ Roland Garcia
Roland Garcia
*Attorney for Appellee CDM Smith Inc.*

7

# TEXAS SESSION LAWS 2011

## GENERAL AND SPECIAL

## Eighty–Second Legislature, Regular Session

---

### CHAPTER 226

### H.B. No. 345

AN ACT

relating to limitations on awards in an adjudication brought against a local governmental entity for breach of contract.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1.  Section 271.153(a), Local Government Code, is amended to read as follows:

(a) The total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:

(1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

(2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;

(3) reasonable and necessary attorney's fees that are equitable and just; and

(4) interest as allowed by law, *including interest as calculated under Chapter 2251, Government Code.*

SECTION 2.  The change in law made by this Act applies only to an adjudication commenced on or after the effective date of this Act. An adjudication commenced before the effective date of this Act is governed by the law applicable to the adjudication immediately before the effective date of this Act, and the former law is continued in effect for that purpose.

SECTION 3.  This Act takes effect September 1, 2011.

Passed by the House on April 19, 2011: Yeas 142, Nays 0, 2 present, not voting;  the House concurred in Senate amendments to H.B. No. 345 on May 19, 2011:  Yeas 140, Nays 0, 2 present, not voting;  passed by the Senate, with amendments, on May 17, 2011:  Yeas 31, Nays 0.

Approved June 17, 2011.

Effective September 1, 2011.

---

### CHAPTER 227

### H.B. No. 350

AN ACT

relating to discharging fines and costs assessed against certain juvenile defendants through community service or tutoring.

2011 Tex. Sess. Law Serv. Ch. 226 (H.B. 345) (VERNON'S)

VERNON'S TEXAS SESSION LAW SERVICE 2011

Eighty-Second Legislature, 2011 Regular Session

Additions are indicated by Text; deletions by Text.
Vetoes are indicated by ~~Text~~;
stricken material by Text.

CHAPTER 226
H.B. No. 345
LIMITATIONS ON AWARDS IN AN ADJUDICATION BROUGHT AGAINST A LOCAL GOVERNMENTAL
ENTITY FOR BREACH OF CONTRACT

AN ACT
relating to limitations on awards in an adjudication brought against a local governmental entity for breach of contract.

Be it enacted by the Legislature of the State of Texas:

SECTION 1. Section 271.153(a), Local Government Code, is amended to read as follows:

<< TX LOCAL GOVT § 271.153 >>

(a) The total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:

(1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

(2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;

(3) reasonable and necessary attorney's fees that are equitable and just; and

(4) interest as allowed by law, including interest as calculated under Chapter 2251, Government Code.

<< Note: TX LOCAL GOVT § 271.153 >>

SECTION 2. The change in law made by this Act applies only to an adjudication commenced on or after the effective date of this Act. An adjudication commenced before the effective date of this Act is governed by the law applicable to the adjudication immediately before the effective date of this Act, and the former law is continued in effect for that purpose.

SECTION 3. This Act takes effect September 1, 2011.

Passed by the House on April 19, 2011: Yeas 142, Nays 0, 2 present, not voting; the House concurred in Senate amendments to H.B. No. 345 on May 19, 2011: Yeas 140, Nays 0, 2 present, not voting; passed by the Senate, with amendments, on May 17, 2011: Yeas 31, Nays 0.

Approved June 17, 2011.
Effective September 1, 2011.

**End of Document** © 2014 Thomson Reuters. No claim to original U.S. Government Works.

SUBJECT:        Payment of interest by a local government in a breach of contract suit

COMMITTEE:      Judiciary and Civil Jurisprudence — favorable, without amendment

VOTE:           10 ayes — Jackson, Lewis, Bohac, S. Davis, Hartnett, Madden, Raymond, Scott, Thompson, Woolley

                0 nays

                1 present not voting — Castro

WITNESSES:      For — Timothy Ross, Associated Builders & Contractors of Texas; (*Registered, but did not testify:* Jon Fisher, Associated Builders & Contractors of Texas; Corbin Van Arsdale, Associated General Contractors of America-Texas Building Branch; Michael White, Texas Construction Association)

                Against — None

BACKGROUND:     Under Local Government Code, sec. 271.152, a local government entity waives sovereign immunity from a civil lawsuit for the purposes of a breach of contract claim. Sec. 271.153 limits the available damages in breach of contract claims against a local government entity. Damages are limited to the balance due and owed, including any amounts owed for the increased cost of performing the work due to owner-caused delays or acceleration, change orders or additional work the contractor must perform in connection with the contract, attorney's fees, and interest as allowed by law.

                Government Code, sec. 2251.042 governs disputed invoices with a governmental entity. If a dispute is resolved in favor of the vendor, the vendor is entitled to receive interest on the unpaid balance of the invoice beginning on the date that the payment is overdue. If a dispute is resolved in favor of the governmental entity, the vendor must submit a corrected invoice, and the unpaid balance accrues interest if the corrected invoice is not paid by the appropriate date.

DIGEST:

HB 345 would allow a plaintiff in a breach of contract claim against a local government entity to recover interest as allowed by law, including interest on the unpaid balance of a disputed, overdue payment as provided by Government Code, sec. 2251.042.

The bill would take effect on September 1, 2011, and would apply only to suits commenced on or after the effective date.

SUPPORTERS SAY:

HB 345 would allow for the recovery of "prompt pay interest" from local government entities in breach of contract claims, resolving a misinterpretation of the law. Government Code, sec. 2251.042, which allows for prompt pay interest from a governmental entity, was enacted in 1993. Local Government Code, sec. 271.153, which provides for "interest as allowed by law" in a contract claim against a local government, was enacted in 2005. Therefore, prompt pay interest should be interest allowed by law in 2005. However, recent court decisions in this area have not been consistent with the plain meaning of the law. HB 345 would clarify this issue.

OPPONENTS SAY:

Creating an additional financial obligation for local governments could add further strain in a tight budget environment.

NOTES:

The companion bill, SB 1382 by Wentworth, was referred to the Intergovernmental Relations Committee on March 22.

# BILL ANALYSIS

Senate Research Center
82R26295 NC-F

C.S.H.B. 345
By: Kleinschmidt (Wentworth)
Intergovernmental Relations
5/5/2011
Committee Report (Substituted)

## AUTHOR'S / SPONSOR'S STATEMENT OF INTENT

Current law specifies that a local government entity that is authorized to enter into certain contracts waives its right to sovereign immunity for a breach of contract claim relating to that contract. This wavier allows a contractor to sue that local government entity for nonpayment. Other statutory provisions specify the types of recovery available to plaintiffs in such a breach of contract dispute. In general, a contractor, subcontractor, or supplier is entitled under state law to receive interest, commonly called prompt pay interest, on past due payments for work performed on a public construction project owned by the state or other governmental entity. Some interested parties contend that recent court decisions have misinterpreted Texas law regarding whether prompt pay interest on public jobs is barred by governmental immunity. H.B. 345 seeks to clarify that issue.

C.S.H.B. 345 amends current law relating to limitations on awards in an adjudication brought against a local governmental entity for breach of contract.

## RULEMAKING AUTHORITY

This bill does not expressly grant any additional rulemaking authority to a state officer, institution, or agency.

## SECTION BY SECTION ANALYSIS

SECTION 1. Amends Section 271.153(a), Local Government Code, as follows:

(a) Provides that the total amount of money awarded in an adjudication brought against a local government entity for breach of a contract subject to this subchapter is limited to certain amounts, including as calculated under Chapter 2251 (Payment for Goods and Services), Government Code.

SECTION 2. Makes application of this Act prospective.

SECTION 3. Effective date: September 1, 2011.